# IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

HUMC HOLDCO, LLC, HUMC PROPCO, LLC, HUMC OPCO, LLC, HUDSON HOSPITAL HOLDCO, LLC, CH HUDSON HOLDCO, LLC, HUDSON HOSPITAL PROPCO, LLC, HUDSON HOSPITAL OPCO, LLC, and IJKG OPCO, LLC,

    Plaintiffs,

    v.

MPT OF HOBOKEN TRS, LLC, MPT OF HOBOKEN HOSPITAL, LLC, MPT OF HOBOKEN REAL ESTATE, LLC, MPT OF BAYONNE, LLC, AVERY EISENREICH, WTFK BAYONNE PROPCO, LLC, SB HOBOKEN PROPCO, LLC, ALARIS HEALTH, LLC, and J.C. OPCO, LLC,

    Defendants.

C.A. No. 2019-0972-KSJM

HUMC OPCO, LLC,

    Nominal Party,

    and

J.C. OPCO, LLC, on behalf of itself and derivatively on behalf of Nominal Defendants HUDSON HOSPITAL OPCO, LLC d/b/a CHRIST HOSPITAL and CH HUDSON HOLDCO, LLC, MPT OF HOBOKEN TRS, LLC, and MPT OF HOBOKEN HOSPITAL, LLC,

    Counterclaim-Plaintiffs,

    v.

HUDSON HOSPITAL HOLDCO, LLC, and   )
HUMC HOLDCO, LLC,                   )
                                    )
        Counterclaim-Defendants,        )
                                    )
  and                           )
                                    )
VIVEK GARIPALLI, JAMES LAWLER,      )
JEFFREY MANDLER, SEQUOIA HEALTH     )
MANAGEMENT, LLC, and CAREPOINT      )
HEALTH MANAGEMENT ASSOCIATES,       )
                                    )
        Third-Party Defendants,         )
                                    )
  and                           )
                                    )
HUDSON HOSPITAL OPCO, LLC d/b/a     )
CHRIST HOSPITAL and CH HUDSON       )
HOLDCO, LLC,                        )
                                    )
        Nominal Defendants.             )

**ORDER DENYING LEAVE TO APPLY UNTIMELY FOR
CERTIFICATION OF INTERLOCUTORY APPEAL**

1.      This litigation involves a dispute between corporate entities that own and operate three hospitals in New Jersey. By a Memorandum Opinion dated July 29, 2022 (the "Opinion"), this court dismissed fourteen counterclaims and third-party claims filed by J.C. Opco, LLC ("J.C.") on the grounds that they were either time-barred or failed to state a claim.[1] After the court issued the Opinion, J.C. retained new counsel, who moved

---

[1] C.A. No. 2019-0972-KSJM, Docket ("Dkt.") 458 (*HUMC Holdco, LLC v. MPT of Hoboken TRS, LLC*, 2022 WL 3010640 (Del. Ch. July 29, 2022)).

for leave to apply for certification of interlocutory appeal although the default deadline for such an application had expired (the "Motion").[2]

2. Delaware Supreme Court Rule 42 establishes the procedure for interlocutory appeals.[3] Under Rule 42, an application for certification of an interlocutory appeal must be "served and filed within 10 days of the entry of the order from which the appeal is sought or such longer time as the trial court, in its discretion, may order for good cause shown."[4]

3. J.C. did not apply for certification within ten days. In brief, the timeline of this case is as follows. The plaintiffs filed a tortious interference claim against J.C. and others in December 2019.[5] J.C. asserted counterclaims and third-party claims in January 2020, amending its pleadings for a final time in May 2021.[6] The counterclaim and third-party defendants moved to dismiss on May 21, 2021.[7] The court heard oral argument on January 18, 2022.[8] In March 2022, the court requested supplemental briefing, which the parties completed by April 25, 2022.[9] The court issued the Opinion on July 29, 2022. J.C. engaged new counsel on August 18, 2022, who wrote to the court requesting leave to file

---

[2] *See* Dkt. 460.

[3] Del. Supr. Ct. R. 42.

[4] *Id.* at 42(c)(i).

[5] *HUMC Holdco*, 2022 WL 3010640, at *9.

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.*

an application for certification of interlocutory appeal from the Opinion on August 19[10]—21 days after the Opinion was filed.

4. J.C. has not demonstrated good cause for extending the Rule 42 deadline. As its Motion, J.C. submitted a one-page letter attaching the application for certification of interlocutory appeal as an exhibit. In relevant part, the letter stated that new counsel had "just been brought on and engaged."[11]

5. Aside from referencing "good cause," the letter did not provide any legal authorities discussing the "good cause" standard of Rule 42. The court conducted independent research. Although that research uncovered no cases discussing the "good cause" standard of Rule 42 specifically, authorities discussing "good cause" for scheduling modifications generally are instructive. In multiple cases involving requests to extend case deadlines, the Delaware Supreme Court has applied the following standard:

> [T]o assess good cause . . . the court examines whether [1] the moving party has been generally diligent, [2] "the need for more time was neither foreseeable nor its fault, and [3] refusing to grant the [application] would create a substantial risk of unfairness to that party."[12]

6. J.C. has not demonstrated good cause under this standard. While J.C. appears to have been generally diligent in other aspects of this case, the possibility of seeking

---

[10] Dkt. 460.

[11] *Id.*

[12] *In re Asbestos Litig.*, 228 A.3d 676, 681–82 (Del. 2020) (quoting *Moses v. Drake*, 109 A.3d 562, 566 (Del. 2015)) (applying a good cause standard to a request to delay trial); *see also Coleman v. PricewaterhouseCoopers, LLC*, 902 A.2d 1102, 1107 (Del. 2006) (applying a good cause standard to a motion to extend a discovery deadline).

4

interlocutory appeal was entirely foreseeable. Engaging new counsel after the deadline for doing so does not constitute good cause, particularly where J.C. was continuously represented throughout the relevant period.

7.      Moreover, refusing to grant leave to apply untimely for certification of interlocutory appeal would not create a substantial risk of unfairness to J.C. in light of J.C.'s arguments for certification of interlocutory appeal. Even assuming that J.C.'s application could meet the threshold "substantial issue" requirement of Rule 42,[13] J.C. would not be able to demonstrate that the costs of interlocutory appeal would outweigh its benefits.[14] Of the eight Rule 42 factors, J.C. relies on one, arguing under factor (H) that prompt appellate review would serve the interest of justice. This is so, according to J.C., because the court erred in resolving a fact-intensive inquiry at the pleading stage. J.C. then cites to cases standing for the uncontroversial proposition that whether a party is on inquiry notice of a claim is often a fact-intensive inquiry. J.C. had raised a similar argument in briefing,[15] and the court rejected it in the Opinion.[16] Allowing J.C. to make these arguments again on an interlocutory basis neither serves justice nor creates efficiency.

8.      Recall that "[i]nterlocutory appeals should be exceptional, not routine, because they disrupt the normal procession of litigation, cause delay, and can threaten to

---

[13] Supr. Ct. R. 42(b)(i).

[14] *Id.* at 42(b)(ii); *see also id.* at 42(b)(iii)(A)–(H).

[15] Dkt. 408 at 23.

[16] *See* 2022 WL 3010640, at *12–15 (holding that dismissal is warranted for some of J.C.'s claims due to laches, even though affirmative defenses are often ill-suited for decision at the pleading stage).

exhaust scarce party and judicial resources."[17]   There is nothing exceptional warranting certification of interlocutory appeal here.  For these reasons, the Motion is denied.

/s/ Kathaleen St. J. McCormick
Chancellor Kathaleen St. J. McCormick
Dated: September 13, 2022

---

[17] Supr. Ct. R. 42(b)(ii).